Call our next case, Richard Rosenau v. Unifund Corp. Call our next case, Richard Rosenau v. Unifund Corp. May it please the Court, Carrie Flitter, Lundy Flitter, on behalf of the appellant, Richard Rosenau, I should like to reserve three minutes for rebuttal. That's great. In this fair debt collection case, under the Brown against Card Service Center decision, a collection letter will be deemed deceptive where it may reasonably be read to have two or more different meanings, one of which is inaccurate. May I just clarify a procedural issue here, and I think I know the answer to it. Yes, sir. It was not crystal clear to me from the district court opinion that what we have here is a ruling on a motion for judgment on the pleadings. I think that's what it is, and that's what the order says. However, the opinion is not entirely consistent on that. Early on, the district judge indicates that she's granting summary judgment, but then she discusses a Rule 12c ruling. I'll ask the other side as well, but are we proceeding on the assumption that what we have here is a Rule 12c ruling and not a Rule 56? I think that's appropriate, Your Honor. I know the motion was in the alternative, but what I understand she ruled on was the judgment. That's correct. Notwithstanding the inconsistency. Yes, sir. Judge Roof said that Her Honor felt that a ruling on 12c was appropriate, notwithstanding that there was an alternative motion and essentially dismissed for failure to state a claim. But that having been said, the Rule 12c ruling was made including consideration of the letter, which is at the heart of this dispute. Yes, sir. Which was attached to the complaint. Yes, sir. Is that right? And it was also considered after the conduct of some amount of discovery, because there was a case management conference held earlier in the game. Yes, sir. That's correct. Thank you. And also correct that you set forth two claims under 1692e3 and e10, and she ruled on e3 and did not reach e10. Almost so, Your Honor. We set forth claims under 1692e, which is the broadband, 1692e3, which Her Honor did rule upon, and 1692e10, which the judge didn't reach. What does 10 add to 3? What does e10 add to e3? Well, 10 and 3 are different. I know they're separate statutes, but I'm trying to figure out what in the context of this case 10 adds to the misrepresentation or misimpression from an attorney that is what falls under e3. It's really 1692e and e10 that are almost duplicative of one another. 1692e broadly prohibits any false, deceptive, or misleading representations. Then without limiting that, 1692e3 prohibits the false representation or implication that an attorney is involved. The first claim in the case was that a letter from the legal department to the average consumer, to indeed the least sophisticated consumer, reasonably implies some level of lawyer involvement. Judge Roof did rule on that. Her Honor found that she did, and we're prepared to address that in just a moment. We don't think it was well-grounded with due respect. But Her Honor didn't reach the other issue, which is whether or not there's a legal department is in considerable debate. We say there's not. But that's where discovery or the nonexistence of discovery comes into question. Yes. Which is why I began the questions as I did. And our view is, and I hope I'm hitting the point of the question, sir, is that the first question as to can a consumer reasonably believe that a legal department involves some level of lawyer involvement, that can be decided, in our view, as a matter of law. It doesn't have to be. The Court can decide. That's a jury question. Well, isn't that what the Court did here? The Court ruled against you, but the Court did make that determination as a matter of law based on the plea. Correct. Yes. Yes. The Court held that it would not. Go ahead. The Court held that it would be bizarre or idiosyncratic for an unsophisticated consumer. The least sophisticated. Thank you. The least sophisticated. That's even one run lower. That's the test of the circuit. The least sophisticated. That's the test that this circuit has adopted, right? Yes, sir. Least sophisticated consumer. Some other courts have talked about an unsophisticated. That's right. Is it for the Court? I mean, the Court in Brown, which the District Court didn't rely on, it cited to it for the standard, but didn't rely on it. Brown said the jury could conclude. Is this a jury issue as to what the, you know, how is a judge supposed to decide what the least sophisticated consumer would think? That's a great question, Your Honor. And a reasonable least sophisticated. Now, in New York, apparently they're much more sophisticated. The least sophisticated. Than Philadelphia, Judge Randell? Well, I'm just going by their three cases that have decided that, you know, if something says Esquire, it really doesn't mean. But if something says Esquire, it would be bizarre for someone to think that person's a lawyer. But maybe they're just very sophisticated. Yes. But I guess my question is, is it a jury question, or can one judge sitting there say, you know, I've got to put my mind in the place of the reasonable least sophisticated consumer? That's an excellent question. My view is that it's not unlike a Rule 50 motion, you know, where you put your hat on that and say, it's possible to go this way. It's possible to go that way. All right. But that's a procedural. That's a procedural argument. Yes. And what I understand Judge Randell to be asking goes to something much more substantive. And I'm curious, first of all, as to whether or not you see this least sophisticated consumer or debtor. And it would seem to me we ought to be talking debtor because that's what we're talking about under the Act. And in actuality, consumer is a bit broader of a class. But the least sophisticated debtor test, is it an objective test? The best I can answer, Your Honor, is that the courts have gone both ways on that. They have? I would like to point out, yes, sir, the majority find that it is a matter for the court, where the court will decide could the least sophisticated consumer view it in that way. There is a case that just came down, which I'd like to commend, which I think hits that right on the point, sir. It's Kistner, K-I-S-T-N-E-R, 518 Fed 3rd, 433. It was decided after the briefing was done. Who's, where is this? It's the Sixth Circuit. Sixth? And it's a letter involving, it's a case involving a lawyer letter. And the issue is whether the consumer would believe or could believe that a lawyer was really. The consumer plaintiff in the case? No, sir. No. Well, then how is it not still an objective test? The test is not how the plaintiff perceives it. The test is not how a reasonable consumer would perceive it. Well, isn't that an objective test? And what difference does it make whether it's a court on a motion for summary judgment or whether it's a trial? A judge is still going to have to instruct that jury at trial as to what the standard is. Yes, sir. And perhaps I misunderstood the import of the question. In that regard. Well, sir, if this plaintiff said, gee, I really thought it was from a lawyer, that would be subjective. Correct. You're saying it is clearly the reasonable least sophisticated debtor in the objection. Yes. And that court held that the question for the jury becomes whether one can reasonably conclude that the letter sent to the consumer is susceptible to a reading by the least sophisticated consumer that it's from an attorney. It happens to hit the point. So I think the court would be well within its grounds to find that the ultimate question of whether it's deceptive under the least sophisticated consumer standard is a jury question. Certainly that's what the court referenced in Brown. There's a case called Dutton, which we referenced in our materials, where that matter was sent to the jury. Do we have to make that determination in this case? Well, if I may, sir, I think that gets back. If the district court was wrong here and you prevail that there was in the language of this letter or its overall tenor at least a misimpression, ultimately it has to be demonstrated to be inaccurate. I mean, that's the basis of the statutory violation. I mean, there cannot have been sufficient attorney involvement here for purposes of the letter being from an attorney. And that's going to take discovery. Well, sir, in this particular case, there's no dispute. In this particular case, there is no dispute that there was no attorney involvement. But was discovery here truncated? No, I don't think so. I mean, if we were going to try to. I started out by asking you about the ruling that was made here. There's a ruling on the motion for judgment on the pleadings after a certain amount of discovery had been conducted. Had discovery run its entire course here, pursuant to a case management ruling? What happened is that the court, to an extent, bifurcated because it's a class proceeding, and allowed class discovery to proceed and set the deadline of October 06, I think it was, for motion for class certification. We needed a certain amount of discovery to get to that. That's really the discovery that we got in the case. You haven't answered my question categorically, though, whether discovery had concluded pursuant to the case management. The discovery that was allowed, which was the class discovery, had concluded as of the date. If we said that the court was wrong in concluding, as a matter of law, that there was absolutely no way that the least sophisticated consumer would believe that there was this implication, is it not correct that you could put on testimony of people as to what, when they read this letter, what they thought? And it obviously would not, it would be in an attempt to determine what that least sophisticated debtor would believe from reading it. And it says implication, so you have to. We could. You could have done that, but you didn't get to that point. Correct. We might want to call an expert. We might want to call an expert as to what legal department means. I mean, that, to me, is the fact question in the case. And I'd be remiss if I didn't just kind of separate those two. There's the legal question that Judge Smith's been asking me about. Can it reasonably be read to have some level of lawyer involvement? The fact question in the case, that's a jury question that Judge Ruth didn't even touch on, is, is there a legal department, number one, and whether there is or isn't, whether it's fair, we say it's not fair to call it that in light of the FTC commentary, does that term legal department nonetheless deceive or have the potential to deceive the least sophisticated consumer into believing that there's a level of lawyer involvement? So it's related to the E3 claim. Well, but there may be other fact questions here, and this is what I'm getting at. What concerns me is that there are no decisions within this circuit that provide any guidance on what it means for a letter to be from an attorney. Now, in a world of paraprofessionals, paralegals to be specific, computer generated letters, I'm not sure what that is, and that's why I was interested in knowing how far out discovery has gone in this case. I see, sir. Because while it may be a matter of fact in the discovery done so far that there are no lawyers in the legal department, and as a consequence of that, your position could be that no attorney involvement at all in this letter from the legal department would constitute a violation of the statute. What if discovery were to suggest, continued discovery suggested, that the chief counsel of the defendant here had in fact put his imprimatur on this letter and authorized its use for all of the accounts that had been purchased and which were the subject of computer generated letters here? I don't know the answer to that question, but I also don't know what it means to be from an attorney, and that's not a question Judge Ruth had to get to, and it's not a question apparently either of you had to address, perhaps given how far the case had gone in terms of discovery. We did address, and I see my time's up. I can just answer that question, sir, and I'll sit down. There's a case out of the Second Circuit that we briefed below in here called Cloman, and Cloman is among a series of circuit court cases from other circuits discussing the meaning of from. Those facts, they're very close to the facts in Cloman. The facts here where you have a general counsel that had input into the general form of the letter and the template and kind of gave his thumbprint imprimatur that the letter as such within the four corners was okay, yet the lawyers in Cloman and the lawyer here, general counsel here, had nothing to do with the decision to send the letter. They didn't know who the debtor was. They didn't approve before it went. They didn't sign it. There was no lawyer involvement in any level at the sending of this particular letter to Mr. Rosenau. Yes, but there's some variance between the circuits as to just what amount of lawyer review or involvement is sufficient for purposes of the statute. The Seventh Circuit, for example, would take a different position. I think the Seventh Circuit in the Avila case, respectfully, is one of the more active in requiring meaningful lawyer involvement. Well, I'm talking about the Boyd versus Wechsler opinion where there is a discussion by Judge Posner which recognizes specialization and the use of paraprofessionals and so forth. So I don't know the answer to the question. I'm just suggesting that there is no answer to the question in the Third Circuit. And if this case goes back, I'm wondering if we can provide the district court any guidance and if we should provide the district court any guidance. In closing, I'll just add I'm not aware of any case from any circuit that authorizes a lawyer letter or a legal department letter where an attorney had nothing to do with the sending of the letter, the review of the file, or involvement in the case. Thank you. We'll hear from you on rebuttal. Good morning, Your Honors. May it please the Court. Richard Purr, Feynman, Creckstein, and Harris on behalf of the Unifund Defendants Appellees. Your Honors, as was pointed out in- Mr. Purr, let me just ask you another question. In light of Brown, how could this not be deceptive on the question of whether or not the communications from an attorney? Your Honor, the Brown- If our court says that that communication was deceptive, how could this communication on subparagraph 3 not be deceptive? The Brown holding, Your Honor, did not say that the communication was deceptive. In Brown, the specific facts that were presented to the court were a use of a phrase of a could, that this could result in litigation. And what the court said on a motion to dismiss was that there were two possible outcomes. Either they were going to sue or they were not going to sue. And that under one of those interpretations, interpretation of could, that one of those outcomes and the facts were not presented in that case, it is possible that if that debt collector did not regularly use litigation, then that would ultimately have been a deceptive phrase if you took one of those interpretations. Brown was not an E3 case, right? Correct. But the way we framed or phrased the deciding aspect of Brown on the idea of could take an action is that if the least sophisticated debtor might get the impression, might get the impression, tiny little possibility that litigation or referral would be imminent if he or she did not respond. And there's really no statement of that. It just said it could take action. Aren't we putting a pretty low bar as to the possibility that someone is going to get the impression or there's going to be the implication of something? Respectfully, Your Honor, no. The bar was taking one sentence that had two distinct possible meetings because of a modifier, could, that someone could, one of two possible outcomes could occur. The consumer debtor who read that would not be sure exactly which of those they were facing. When we have a letter here that has underneath the body and it says legal department, how can we not say that the least sophisticated debtor would definitely not get the impression that it was from a lawyer? Wouldn't the more reasonable reading be that they might get the impression that it was from the lawyer? And based upon that chance... The letter has to be taken in the totality of the circumstances of the exact letter. What is there? And I think that... Tell me how you might, there's no way you might get the impression. Because the bar, first of all, E3 is very specific that the letter from or implies that it's from a lawyer. Implication that it is from an attorney. Correct. Implication that it is from an attorney. All right. And I think Judge Smith pointed out in his questioning of the plaintiff in oral argument that there is something beyond simply saying legal department means lawyer. That legal department... What could it possibly mean other than lawyer? Well, the statute was saying an attorney. I mean, if you look at the cases, whether it's Coleman, whether it's Avila, whether even in Greco, the... How about Kusner? I have not, and I was brought up by Judge Smith, and I did not have the opportunity to read that before this. But there are issues with respect to is it on letterhead? Is it signed? Is there a member of the bar that is being proffered as the signatory of the letter as opposed to coming from something that has no connection in a specific sense with someone who is an attorney? Least sophisticated consumer or debtor is a very low threshold, is it not? It is. Surely it's less than... I mean, it's... It's not unsophisticated. It is a superlative. It's not merely unsophisticated. Our test is least sophisticated. Yes, but that also has been held to say... That's my point. Yeah, it's lower than unsophisticated. It is a superlative. That person still possesses rudimentary knowledge about the financial world, is capable of making logical deductions and inferences, and is willing to read a collection notice with care. It is not somebody that is completely uneducated. It provides something that, as the Court pointed out, an objective standard for someone to look at and say, if I'm involved, if I have been someone who has... Who agrees it's an objective standard. Yes, it is an objective standard. And that someone who is involved in having received credit, or in the process of extension of credit, or incurring debts, or being involved in the financial world, still is someone who has entered into contracts, who has made agreements, who has conducted their lives in that financial world that they have to on a daily basis. They can take a look at a letter and examine the letter in its totality and to determine is this letter from a lawyer or is it not from a lawyer. You agree with Mr. Flitter that what we have here is a question of law, which calls upon this panel on a de novo basis to look at the letter just as Judge Roof did and determine whether that letter in its entirety would or, and this is getting to another question, or had the reasonable probability of leading the least sophisticated consumer to a conclusion that a lawyer, that the letter was from a lawyer. Yes, Your Honor. That that's the question. If I could add with one caveat that I agree with the perception that was put forward that the opinion of the trial court was not exactly clear in terms of the standards jumping back and forth between a 12C and a 56. She didn't reference any discovery materials. Although both plaintiff and defendant produced discovery materials and discovery was conducted over the whole issue of what is the legal department, does it exist, what is its composition. That leads to my next question and this is what I was, similar to what I was asking before, or at least suggesting, that assuming Judge Roof was incorrect, which I know you don't concede, but assuming she was incorrect about what could be concluded by the least sophisticated consumer. That only gets the plaintiff here halfway, doesn't it? Because there's still a requirement under the act that that be demonstrated as a matter of fact to be either false or misleading. In other words, if the defendant can demonstrate that the letter was from an attorney, whatever that means, then there's no deception, right? Yes, Your Honor. It does only get the, because there are two parts and I think that we've briefed both parts. Well, that's all the court ruled on. Well, but this court has the capacity to look at all the materials that were presented to the trial court and if the trial court came out with the right result to affirm the decision of the trial court, even on other grounds. I'm suggesting that we wouldn't be affirming the trial court. I'm suggesting that the trial court's legal ruling may have been wrong, at least for argument purposes. And can't we on a de novo review come to the opposite conclusion and conclude that Mr. Flitter's entitled to summary judgment even though he didn't ask for summary judgment? Can't we conclude it's that clear? The, that was not, I don't think that the court can jump to the conclusion of coming up with a different result in terms of granting summary judgment. Was there a motion for summary judgment by the plaintiff in the district court? No, there was a motion by only the defendant for. Was discovery completed pursuant to the case management order? Just class discovery here? The discovery, the only issue that primarily remained would have been an issue of net worth after certification of the class. The entire discovery period, and I think that I outlined in our brief, we initially had a desire to file a motion for judgment on the pleadings at the outset of the case. The trial court asked us to not file such a motion so that the opportunity for discovery about the existence of this legal department would be. I may be, I may have missed answers from both sides and that may just be because I'm thick. But I've asked both sides whether or not the case management order was fully executed. I spent 14 years on the district court. I would issue a case management order that gave X number of months of time to complete discovery. Usually it wasn't completed in the period of time I set out and I get motions to extend. But we knew because there was a drop dead date at which point discovery ended and a date by which dispositive motions should be filed. So was discovery completed here? Was the case management order fully executed? And I know Your Honor wants a yes or no answer. Usually that is a historic fact that is easily susceptible in verification. Because the answer is yes, discovery was completed had class certification been granted. The plaintiff would have been permitted to continue discovery on net worth of the defendant. That's what would have remained. And issues associated with net worth, its valuation, how it's calculated, that would have proceeded had class certification been granted. So discovery was completed up until that point, but it wasn't the entirety of discovery. But presumably now if we were to say judgment shouldn't have been granted on the pleadings, the matter proceeds to trial. The plaintiff would be permitted to do that portion of net worth discovery since. Yeah, but plaintiff could also go to trial and try to prove what the implication. Yes, Your Honor. Procedurally, yes. However, again looking at the letter in its totality, it is written on letterhead from Unifund, a debt collector. The statements that are put in the letter, taking aside that it is signed, it has a block typed word Unifund Legal Department at the signature spot. It's not physically signed by someone's hand. Each of the statements in the body of the letter are all lawful statements. All of those statements appear in other collection letters. They've been affirmed by other courts. The fact that this may be referred to an attorney. Judge Roof thought that was persuasive, that it may be referred to an attorney. But it wasn't the point of that. It may be referred to an attorney in your locale. Which means we're coming to get you where you live as compared to, did she not misread that and think that that meant, well obviously this is an attorney because it's going to be referred to an attorney? No, I don't think that she misconstrued it. That's why I think that some of the, she took some of the facts that were presented for the depositions, inserted that into our opinion. That's why I say it's a hybrid of a 12C and a 56 motion. Because the deposition testimony of Unifund's principles all indicated that the debts that were at issue here were all debts that had been earmarked already that were going to be sent to an attorney for litigation. That this was a process by which they confirmed addresses in part by sending out an initial letter, but that these debts had already been earmarked for such litigation. And so when the letter says it's going to be sent to an attorney in your area for further action, I'm paraphrasing, that is a true statement because that is exactly what's happening. That is not a disputed issue of fact. So I just believe that Judge Roof borrowed in part some of the facts that were presented before her, as well as some of the legal issues. And that's why it's our position that even if this court were to find that as a matter of the pleadings, the judgment shouldn't be affirmed. That in the totality of the facts that, which was presented below and presented here, summary judgment should have been granted to the defendant in this case because its use of the legal department and what it was used in the letter is not deceptive. But primarily, again, if you look at the, I think you have to look for judgment of the pleadings at the letter in its totality and the cases such as Coloman and Avila, which all point to the essence of being an attorney, that your name is there, that on your letterhead it is from a law firm that indicates individuals who are members of the bar, that your signature is on there. And ironically, in Greco, the Second Circuit takes that opinion and even allows in the circumstance where it is from an attorney, where it has a blocked signature, where it's on legal letterhead, that the attorney says, we did not have any meaningful involvement with this, and yet that is granted as that's okay because you're notifying the consumer that the attorney did not meaningfully involve him or herself in that debt collection process. And I think that what that suggests is that even when a letter on its face overwhelmingly suggests to a debtor that an attorney is involved, that the attorney can back themselves out of that by claiming they didn't have any involvement. Well, but your client could have done precisely what was done in Greco, right? They could have, but it didn't. The court found there was no E3 violation in Greco. But it doesn't even rise to that level because they did everything short of, you know, if you can picture, there is a line and in some place there is a line that this court is grappling with and what this case is about, whether you cross that line of saying an attorney is involved or whether you don't cross that line. And it is the position of the defendants here that they did not cross that line, that everything in this letter from its letterhead, from the fact that it was not signed, from the fact that there was not a single name that's associated with a member of the bar, is present in this letter. It is identical in all respects to any other collection letter sent by a debt collector with the exception that the block at the end typewritten says Legal Department Unifund. And it is our position, and I think that Judge Roof is correct, that that doesn't cross that line, that that doesn't say that this is an attorney. And that in this case, looking at this letter, and it's the reasoning, I think, behind grief, behind trauma, behind Rumbler, all of these cases in which it is decided that even that level didn't cross that threshold. Who was the least sophisticated debtor that I think was in that legal department if it wasn't an attorney? It could be any number of people. I don't know that we have to speculate whether it's a paralegal, whether it's a secretary. My question is who else would they speculate was in that legal department if it wasn't an attorney? They have to determine or have the implication that this came from an attorney and that threshold. That's not my answer. Who did it come from? Unless an attorney signed it, and I think that trauma. You're not answering my question. Who else would they believe it came from if it didn't come from an attorney? It came from an employee of Unifund. They could believe it came from a paralegal, but they could also believe that it came from an attorney. Could they not? Which makes for a question. There is somebody, and I'll concede that there is probably somebody that could presume that it came from an attorney, but that a least sophisticated debtor that has rudimentary knowledge about the world, that deals with financial issues and has entered into contracts, understands the difference between an attorney and a non-attorney. And for those reasons, we respectfully submit that the decision of the trial court be affirmed. Thank you. Thank you. May it please the Court if I may touch on just a few issues that came up in the response. With respect to moving for summary judgment, we did not move for summary judgment because of the fact this was a class case, and a class plaintiff may not move for summary judgment dispositive before certification or you render yourself atypical with the rest of the class. Judge Roof, of course, indicated, but for dismissal outright, she would have certified the class. So, but that's why we didn't. Does that make you entitled to summary judgment now if we agree with your position? I think so. Well, you had to have moved for it. It was all briefed. It was in. I mean, I feel that the issue, if I can clarify the point, and I think it dovetails into what Judge Smith has been asking, apparently with a less than satisfactory response about who decides, is it judge, is it jury, or whatever. I think there can be a case like this case where it is so clear that the least sophisticated consumer, obviously, could believe that it came from a lawyer, that this statement has the power to deceive. It's so clear that that's the case. There can be summary judgment. This Court can find that there should be an award and remand it for finding a favor of the plaintiff because obviously the least sophisticated consumer can believe a lawyer was involved with this or that this had the power to deceive. There may be, in fact there are because I see plenty of them, closer cases where you can look at it this way and look at it that way, and I think that this Court and the district courts are well advised to send those to the jury. Let a jury decide whether the least sophisticated consumer could reasonably believe that a letter came from an attorney or there was some other misstatement or language in the letter. I think the line on that is obviously gray, but not impossible to deal with. With regard to the referral to an attorney in your area, I argue that there's nothing inconsistent about an in-house lawyer referring a matter to a lawyer in another state. In fact, there's another section of this Act, 1692I, that requires collectors only to sue consumers, debtors in their home district. So really you have to... Did Judge Roof misconstrue that provision? She found that was part of the evidence whereby it really wasn't from a lawyer because they're talking about referring it to a lawyer. Yes, I believe that, Your Honor. And I also believe Judge Roof misconstrued the reference to this letter from a debt collector. That has to be in every letter from every debt collector law firm in the United States by statute. That doesn't automatically mean it doesn't have the power to deceive. Finally, on the point of the least sophisticated consumer, the least sophisticated debtor, just to respond to what you raised, Judge Smith, there are a lot of collection letters. There's 28 million cases of identity theft going on. There's seniors and juniors. There's mixed up files. There are a lot of collection letters, if I can speak to that, that go out to consumers who are not debtors. They just get collection letters. So I think for that reason, you see the least sophisticated consumer, the person receiving the letter may or may not be debtor in the case. Because the matter is reasonably susceptible to more than one interpretation and because the issues surrounding the legal department, existence or not, is really a question of fact, the matter should be reversed and remanded. Thank you very much, counsel. Our next case, we're going to take a five-minute break. Before our next case, we noticed there are some people standing. Maybe people could sit closer together so we could have this.